# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY MCKINNEY, | ) | 1:08-cv-00583-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS (Doc. 1); ORDER TO FILE |
| | ) | OBJECTIONS WITHIN TWENTY DAYS |
| | ) | |
| A. HEDGEPETH, Warden, | ) | ORDER DIRECTING CLERK OF COURT TO |
| | ) | SEND PETITIONER A BLANK COMPLAINT |
| Respondent. | ) | FORM FOR A CIVIL RIGHTS ACTION |
| | ) | PURSUANT TO 42 U.S.C. § 1983 |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 28, 2008, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1).

Petitioner, who is presently confined in the custody of the California Department of Corrections and Rehabilitation, requests that this Court order his transfer to the custody of the U.S. Bureau of Prisons ("BOP") under 18 U.S.C. § 5003, which authorizes the federal government, through the Attorney General, to contract with the States regarding the transfer of prisoners, under specific circumstances, who are neither in need of medical care nor specialized rehabilitation services. Petitioner does not challenge either his conviction or sentence.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it

plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-142, 111 S. Ct. 1737 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner contends that he should be transferred from state to federal custody. It appears that Respondent's position is that current contracts between the State of California and the BOP pursuant to § 5003 are only for Level II and Level III inmates; Petitioner, however, is currently classified as a Level IV inmate and therefore ineligible for such a transfer. Petitioner requests that the Court intervene and "injunctively stipulate" to Petitioner's transfer to federal custody, presumably to permit Petitioner to participate in various in-house prison programs that have been unavailable to Petitioner due to prison lockdown and security measures taken at his present place of confinement. (Doc. 1, p.3.) Petitioner also asks the Court to issue a preliminary injunction to effect his transfer to BOP custody. (Doc. 1, p. 5).

A review of Petitioner's claim indicates that Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement. In essence, Petitioner asks to be transferred to a facility where he can have greater access to rehabilitative programs. Because Petitioner is challenging the conditions of his confinement, not the fact or duration thereof, he is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS:

1. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2. That Petitioner's motion for a preliminary injunction be DENIED; and

3. That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 27, 2008**                         /s/ Theresa A. Goldner
                                            UNITED STATES MAGISTRATE JUDGE